# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAYMOND GOGINSKY,

        Plaintiff,

v.                                                                                  Case No. 8:22-cv-1352-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## OPINION AND ORDER[1]

### I.   Status

Raymond Goginsky ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of congestive heart failure and trochanteric bursitis in both hips. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 8, 2022, at 54, 68, 175. Plaintiff protectively filed an application for DIB on April 4, 2016, alleging a disability onset date of March

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed September 8, 2022; Reference Order (Doc. No. 14), entered September 8, 2022.

18, 2016.[2] Tr. at 158-61. The application was denied initially, Tr. at 54-64, 65, 66, 82-84, and upon reconsideration, Tr. at 67-79, 80, 81, 88-92.

On September 18, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 28-53, 892-917 (duplicate). On December 12, 2018, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-17, 839-46 (duplicate).

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 855-56 (duplicate), 153-55 (request for review). On October 10, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, 852-54 (duplicate), thereby making the ALJ's Decision the final decision of the Commissioner.

Plaintiff initiated a case in this Court by filing a Complaint on December 9, 2019 seeking review of the Commissioner's final decision. Complaint (Doc. No. 1), Case No. 8:19-cv-3021-CPT (M.D. Fla.). On March 30, 2021, this Court entered an Order reversing the matter and remanding it to the Commissioner for further proceedings. Tr. at 858-76; see also Tr. at 877 (Judgment). On

---

[2] Although actually completed on April 14, 2016, see Tr. at 158, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 4, 2016, see, e.g., Tr. at 54, 68.

remand, the Appeals Council entered an Order on June 22, 2021 remanding the matter to an ALJ consistent with the Court's Order. Tr. at 889.

The ALJ held a hearing on January 31, 2022, during which he heard from Plaintiff, who was represented by counsel, and a VE.[3] Tr. at 812-35. The ALJ issued a Decision on March 17, 2022 finding that Plaintiff was not disabled through the date of the Decision. Tr. at 794-804. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final Decision of the Commissioner. On June 14, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issues: 1) "whether the ALJ properly considered the opinion of [Aarti] Patel, [M.D., Plaintiff's] treating cardiologist"; 2) "whether the ALJ properly considered a closed period of disability or erred by failing to call on a medical expert to establish duration of disability"; and 3) "whether the ALJ properly considered [Plaintiff's] credibility and subjective complaints." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 24; "Pl.'s Mem."), filed February 6, 2023, at 4, 15, 19 (emphasis and capitalization omitted). On March 10, 2023, Defendant filed a Memorandum in

---

[3] This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 923-36, 957-70, 1021.

Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem.") responding to Plaintiff's arguments on the issues.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of whether Plaintiff was or has been disabled for any consecutive twelve-month period. On remand, reevaluation of the evidence on this issue may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 797-804. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 18, 2016, the alleged onset date." Tr. at 797 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: congestive heart failure s/p implantable cardioverter defibrillator (ICD) and degenerative joint disease of the bilateral hip." Tr. at 797 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 798 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional

capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except he can stand and walk for up to 3 hours in an 8-hour workday. He can occasionally crouch, kneel, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He cannot work around extremes of heat, extremes of cold, humidity, respiratory irritants, or hazards such as open moving machinery or unprotected heights.

Tr. at 799 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "composite job of lubrication servicer." Tr. at 803 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("26 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 803 (emphasis and citations omitted), such as "marker," "mailroom clerk," and "rental clerk-furniture," Tr. at 804. The ALJ concluded Plaintiff "has not been under a disability . . . from March 18, 2016, through the date of th[e D]ecision." Tr. at 804 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by

'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred by not considering whether he was disabled for any twelve-month period, and/or by failing to call on a medical expert to establish a duration of disability. Pl.'s Mem. at 15-19. In support,

Plaintiff observes that the ALJ relied heavily in the Decision on his cardiac improvement by 2018 and 2019 to find that Plaintiff was not disabled, to the exclusion of considering whether Plaintiff was disabled at any point from his alleged onset disability date of March 18, 2016 to 2019.[5] Id. Moreover, Plaintiff argues the ALJ had a duty to recontact Dr. Patel, his treating cardiologist, who opined in March 2017 as to Plaintiff's work-related limitations, "to determine what work-related physical limitations or endurance limitations [Plaintiff] would have [had] leading up to his improved [condition]." Id. at 17.

Responding, Defendant contends the ALJ properly found Plaintiff was not disabled at any point through the date of the Decision. Def.'s Mem. at 7-8. Further, Defendant argues the ALJ was not obligated to recontact Dr. Patel because there was enough evidence upon which to base a decision. Id.

"Disability," as defined in the Social Security Act and relevant here, is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "A claimant may request benefits for a

---

[5] Plaintiff maintains that he was disabled through the date of the Decision, see Pl.'s Mem. at 17, but for the purpose of this argument, Plaintiff contends the ALJ erred in finding he had vastly improved following the placement of a pacemaker but not fully considering the evidence on that alleged improvement, see id. at 15-19.

'closed period' of disability, even if he is later able to work."[6] Rodriguez v. Comm'r, 737 F. App'x 514, 516 (11th Cir. 2018) (quoting Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987)). "In such cases, if the decision maker determines that an applicant was disabled for a finite period that started and stopped prior to the date of the decision, the claimant is entitled to a lump sum." Id. (citing Pickett, 833 F.2d at 289 n.1). If an ALJ in that situation fails to explicitly consider whether a claimant is or was disabled for any continuous twelve-month period, reversal with remand is appropriate. See id. at 515-17 (reversing and remanding when an ALJ did not explicitly consider evidence pre-dating a corrective eye surgery).[7]

The undersigned agrees with Plaintiff that the ALJ erred by failing to consider whether he was disabled for any consecutive twelve-month period. The ALJ recognized in the Decision that Plaintiff alleged a disability onset date of March 18, 2016. See, e.g., Tr. at 794. This coincided with Plaintiff's diagnosis of congestive heart failure. See Tr. at 801 (ALJ stating, "Hospital treatment notes in March of 2016 indicated diagnosis of congestive heart failure"). The ALJ also

---

[6] Here, Defendant does not contend that Plaintiff was ineligible for a "closed period" consideration. See Def.'s Mem. at 7-8. Rather, Defendant argues the ALJ was right to find Plaintiff was not disabled for twelve consecutive months. See id.

[7] Although Plaintiff relies heavily on Rodriguez, see Pl.'s Mem. at 17, Defendant does not address it, see Def.'s Mem. at 7-8.

- 9 -

observed that Plaintiff "underwent an ICD placement in August 2016." Tr. at 801. The ALJ then conceded that Plaintiff's ejection fraction was only 20%[8] in December 2016, months after placement of the ICD. Tr. at 802; see Tr. at 656-58.

Beyond that, the ALJ's discussion of the cardiac evidence jumps to May 2018 when an "echocardiogram . . . revealed an improved ejection fraction of 35%." Tr. at 801. Also, in evaluating both the non-examining opinion of Debra Troiano, M.D., and the opinion of treating cardiologist, Dr. Patel, that were both rendered in 2017, the ALJ relied heavily on an "echocardiogram in December of 2019 post ICD placement" that "indicated an improved ejection fraction of 35% to 40%." Tr. at 799; see also Tr. at 800.

In sum, the ALJ's discussion of the cardiac evidence relies almost exclusively on improvement in 2018 and 2019.[9] Yet, Plaintiff alleged disability beginning in March 2016, when he was diagnosed with congestive heart failure. Judicial review is frustrated because the Court is unable to determine from the

---

[8] "Ejection fraction is measured as a percentage of the total amount of blood in your heart that is pumped out with each heartbeat. A normal ejection fraction is 50 percent or higher." Ejection Fraction: What the Numbers Mean, https://www.pennmedicine.org/updates/blogs/heart-and-vascular-blog/2022/april/ejection-fraction-what-the-numbers-mean#:~:text=Ejection%20fraction%20is%20measured%20as,blood%20and%20may%20be%20failing. (last visited September 25, 2023).

[9] In defending the ALJ's Decision, Defendant indicates that Plaintiff was not experiencing any cardiac symptoms after the August 2016 placement of his pacemaker, but in support, Defendant cites notes dated June 2018 and September 2018. See Def.'s Mem. at 7 (citing Tr. at 690, 1595).

- 10 -

ALJ's discussion of the evidence if adequate consideration was given to whether Plaintiff was disabled for any continuous twelve-month period prior to the ALJ's finding that Plaintiff's condition improved. The matter must be reversed and remanded for reconsideration. In light of this conclusion, the Court need not reach the question of whether a medical expert or Plaintiff's treating cardiologist, Dr. Patel, needed to be consulted to answer this question—on remand, the ALJ shall take whatever action deemed necessary to adequately address it.

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider whether Plaintiff was disabled for any continuous 12-month period;

(B) If appropriate, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 28, 2023.

                                           *James R. Klindt*
                                          JAMES R. KLINDT
                                    United States Magistrate Judge

kaw
Copies to:
Counsel of Record